■ In the Matter of the Estate of JESSE CARLL, Deceased. DOLLY M. WRIGHT, as Executrix of JESSE C. WRIGHT, Deceased, Successor Trustee, et al., Respondents; JESSE CARLL et al., Appellants.— In a proceeding by the executrix of the estate of the deceased substituted trustee of a trust created under the will of Jesse Carll, deceased (the trust has terminated and said trustee was also an income beneficiary of the trust), to settle the final account rendered for said trustee and for a direction that the balance of the corpus and income on hand of the trust be paid to respondent Curtis Peter Wright (said substituted trustee's adopted son), the objectors (grandchildren and great-grandchildren of the testator) appeal from so much of a decree (settling the account) of the Surrogate's Court, Suffolk County, entered September 15, 1969, as directed payment of the balance on hand in the trust estate to said respondent Wright. Decree reversed insofar as appealed from, on the law and the facts, with costs to appellants, payable out of the trust estate; objections sustained; and petitioner-executrix directed to distribute the balance on hand in the trust estate to the objectors. The issue presented for determination is whether respondent Curtis Peter Wright, as the adopted child of Jesse Carll Wright, a deceased income beneficiary of the trust, was the latter's " issue " as that term was used in the testator's will, so as to entitle him to the balance of the trust property. Relying upon the principle enunciated in *Matter of Park* (15 N Y 2d 413) and reaffirmed in *Matter of Silberman* (23 N Y 2d 98), i.e., that there is a presumption that adopted children are included within the term " issue " absent any indication of an intent to exclude them, the learned Surrogate found no language in the will to indicate an exclusion of the adopted child and held that the *Park* presumption prevailed. In our opinion, the *Park* presumption is not controlling. Rather, the proceeding was governed by the " precautionary addendum " (*Matter of Park, supra*, pp. 416–417) in the statute from which the present section 117 of the Domestic Relations Law was derived (Domestic Relations Law of 1896, § 64 [L. 1896, ch. 272], as amd. by L. 1897, ch. 408). The same statutory " precautionary addendum " is operative in the instant case (the will was made in 1902 [the testator died in 1904]). It provided in substance that, in relation to " the passing and limitation over " of property " dependent  *  *  *  on the foster parent dying without heirs," the foster child " is not deemed the child of the foster parent so as to defeat the right of remaindermen." Under that provision the intent of the testator, however, conditioned the operation of the statute. " It is sufficient if it affirmatively appears from the context of the will or trust and the extraneous facts

proper to be considered that the grantor intended to include adopted children" (*Matter of Rockefeller [Hubbard]*, 12 N Y 2d 124, 134). In the case at bar, we cannot conclude by reference to the will — no extraneous facts having been shown — that the testator intended to include adopted children so as to prevent operation of the "precautionary addendum" of the then controlling statute. It is noted that in *Silberman* (23 N Y 2d 98, *supra*) and our recent holding in *Matter of Nichol* (32 A D 2d 541), unlike the case at bar, there was a natural child of the foster parent alive which negated the applicability of the "precautionary addendum" of the statute. Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.